IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY JESSIE LEE MOODY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-19-1343 |
| | § | |
| JOHN D. GIDDENS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against six prison officers. He seeks declaratory, injunctive, and monetary relief for alleged violations of his constitutional rights regarding a disciplinary conviction.

Having screened the complaint pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff challenges a prison disciplinary conviction he received at the Wynne Unit. He states that the disciplinary charges were initially dismissed on a technicality, but were re-filed the next day. Plaintiff was found guilty and punished with a reduction in line class and loss of privileges. His administrative appeals were denied.

Plaintiff claims that the disciplinary conviction violated his constitutional rights and was retaliatory. He seeks a declaratory judgment and monetary damages. He further seeks

permanent injunctive relief prohibiting the defendants from undertaking "illegal practices and proceedings, harassment, retaliation."

## II. ANALYSIS

### A. Legal Standards

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### B. *Heck* Bar

Plaintiff seeks a declaratory judgment, injunctive relief, and monetary damages for the allegedly unlawful disciplinary conviction and attendant violations of his constitutional rights. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim that,

2

in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under section 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, at 486–87. The bar applies whether the relief sought is compensatory, declaratory, or injunctive in nature. *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

The Supreme Court has extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory or injunctive relief or monetary damages that necessarily imply the invalidity of a disciplinary punishment are not cognizable in a section 1983 proceeding. *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). Plaintiff's allegations here as to the disciplinary proceedings, conviction, and related actions of the officers involved in the proceedings, if successful, would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648. Thus, his claims are not cognizable unless he has satisfied the conditions set forth by *Heck*. Plaintiff's pleadings show that his administrative challenges to the conviction were denied, and he does not state or show that the conviction has been successfully challenged through habeas proceedings or has otherwise been set aside. As a result, plaintiff does not meet the *Heck* requirements and his claims must be dismissed. *See McGrew v. Tex. Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

C. Retaliation

Plaintiff's claim for retaliation is not barred by *Heck*. *See Walker v. Savers*, 583 F. App'x 474, 475–76 (5th Cir. Nov. 10, 2014) ("[B]ecause a prisoner need not demonstrate a favorable outcome of his disciplinary case in order to pursue a related retaliation claim, *Heck* does not bar the retaliation claim."). However, plaintiff fails to set forth factual allegations demonstrating a viable claim for retaliation under section 1983.

An inmate's claim of retaliatory disciplinary actions is to be "regarded with skepticism." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). An inmate may establish causation directly or by alleging "a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166. In short, the inmate must show that the alleged retaliatory act was motivated by the retaliatory intent, and that, but for the retaliatory motive, the adverse act would not have occurred.

Even with the benefit of liberal construction, plaintiff's generalized assertions present only a personal belief that he was retaliated against, which is insufficient to raise a viable claim. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Plaintiff establishes no

4

retaliatory motive or causation, nor does he allege a chronology of events from which retaliation may plausibly be inferred. *See Woods*, 60 F.3d at 1166.

Plaintiff's claim that the defendants acted in retaliation against him is conclusory and unsupported by any factual allegations sufficient to state a viable claim under section 1983. His claim is **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

Plaintiff's claims for declaratory judgment, monetary damages, and injunctive relief as to his disciplinary conviction are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. Plaintiff's claim for retaliation is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to all parties, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 25th day of April, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5